81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter Lee COLLINS, Plaintiff-Appellant,
v.
S. MOORE, Program Administrator; H. Whitley, Correctional
Counselor II; M. McMann, Correctional Counselor
I, Defendants-Appellees.
 No. 95-16295.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Lee Collins, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993), and affirm.
 
 
 3
 Collins contends that his right to due process was violated when prison officials classified him as a sex offender resulting in Collins being denied certain work privileges. Because the denial of work privileges resulting from a particular prisoner classification does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," the district court properly granted summary judgment on Collins' due process claim. See Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (due process clause does not itself create a liberty interest in a particular classification).
 
 
 4
 Collins also contends defendants violated his right to equal protection because his sex offender designation was arbitrarily imposed. Collins failed to introduce any evidence to show that he was treated differently than other inmates similarly situated or that the prison classification regulations bear no rational relationship to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 91 (1987). Accordingly, the district court properly dismissed his equal protection claim.[1]
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our disposition of Collins' due process and equal protection claims, we need not reach the merits of defendant's contention that this matter is moot